IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JOHN OTIS BURNSIDE, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | Civil Action No. 18-cv-191JOHNSTOWN |
| | ) | |
| | ) | District Judge Baxter |
| v. | ) | |
| | ) | Re: Motion to Dismiss or for Summary |
| | ) | Judgment [ECF No. 9] |
| DR. KIM SWINDELL, et al, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

United States District Judge Susan Paradise Baxter

**Relevant Procedural History**

This civil action was filed in this Court on September 24, 2018. Plaintiff, an inmate incarcerated at the Federal Correctional Institution at Loretto, brings this action against Dr. Kim Swindell and Physician's Assistant Stephanie Hoover, employees at the FCI-Loretto.

In his complaint, Plaintiff, acting *pro se*[1], alleges that Defendants denied him medical care following a serious fall in February 2018 thereby violating his Eighth Amendment rights against cruel and unusual punishment. Plaintiff seeks to enforce his constitutional rights against these federal employees by way of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Defendants, in response to the complaint, filed a motion to dismiss or in the alternative for summary judgment. ECF No. 9. As grounds for its motion, Defendants argue: 1) the action

---

[1] *Pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (internal citation omitted). Because Mr. Burnside is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

1

should be dismissed because allegations of medical malpractice do not amount to a constitutional violation; 2) Hoover is a PHS employee and is absolutely immune from suit; 3) malpractice claims must be dismissed because Plaintiff did not file Certificates of Merit; and 4) alternatively, individual Defendants are entitled to qualified immunity. Not all of Defendants' arguments need to be addressed herein. Plaintiff has voluntarily withdrawn his claims against Ms. Hoover [*see* ECF No. 13] and Plaintiff has not raised any medical negligence claims in this action.

Plaintiff has filed a brief in opposition. ECF No. 13. This motion is fully briefed and is ripe for disposition by this Court.

**Standard of Review**

A motion to dismiss filed pursuant to Rule 12(b)(6) must be viewed in the light most favorable to the plaintiff and the complaint's well-pleaded allegations must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendants request that this Court consider evidence outside of the pleadings in support of their motion to dismiss. Where a court receives and considers matters outside the pleadings in support of a motion to dismiss, the motion to dismiss should be converted into a motion for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). *See Dorsey v. Pennsylvania Department of Corrections*, 2016 WL 6124420, at *3 (M.D. Pa. 2016). In such a situation, a district court must provide sufficient notice of the conversion to the non-moving party and allow that non-moving

party, especially a *pro se* prisoner plaintiff, to submit materials to oppose summary judgment. *Renchenski v. Williams*, 622 F.3d 315, 340-341 (3d Cir. 2010). Here, this Court provided such a notice to Plaintiff. ECF No. 11. Accordingly, the motion to dismiss shall be treated as a motion for summary judgment.

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323, *quoting* Fed. R. Civ. P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. *Id*. at 330; *see also Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007). After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. *Id*. at 324.

**Deliberate indifference**

To state an Eighth Amendment violation in the medical context, a plaintiff must plausibly allege "'(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate

3

deliberate indifference to that need.'" *Anderson v. Bickell*, 2018 WL 5778241, at *2 (3d Cir. Nov.2, 2018) *quoting Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016). Allegations of mere negligence or disagreement with medical decisions are insufficient to establish deliberate indifference. *Id.; see Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir. 2004). "That is because 'prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners.'" *Anderson*, 2018 WL 5778241, at *2, *quoting Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017). Generally, "[w]here a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference[.]" *Id.*

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment that result in suffering or risk of injury. *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993).

Although Plaintiff's Eighth Amendment claims are factually intertwined with his lengthy and complex medical history, the present legal claim arises out of the failure of medical staff to treat his injuries following his February 23, 2018 fall. ECF No. 1. Plaintiff alleges that he fell down a flight of stairs snapping his neck against a step so hard that he was knocked unconscious and defecated on himself. Plaintiff explains that prior to that fall, he suffered from a "severe neurological problem (a C-5, C-6 nerve root lesion)" that had been left untreated. Injuries received in the fall exacerbated Plaintiff's pre-existing medical problems. Plaintiff complains that he sought medical treatment immediately after the fall, but received none.

In support of their motion for summary judgment, Defendants submitted hundreds of pages of Plaintiff's medical records, many of them dating before the accident. Defendants argue that Plaintiff has received "comprehensive and extensive medical care" during the entire period of his incarceration at FCI Loretto. *See* ECF No. 10, page 9 (arguing that "his treatment included access to Health Services staff, medical testing, medication, access to outside medical specialists, surgery, and after-care.").

Defendants' reliance on the full medical records is misplaced and Plaintiff's claim that he received no medical attention following his fall is borne out by those medical records which indicate that Plaintiff did not received any medical treatment related to the February 23rd fall. ECF No. 10-6. Because such a denial of treatment can constitute deliberate indifference, Defendants' motion for summary judgment shall be denied.

**Qualified immunity**

In light of the Court's analysis, above, the Eighth Amendment claim against Defendant Swindell remains. In their Motion, Defendants argue that qualified immunity should preclude liability because Plaintiff "failed to allege" that Defendants violated any of Plaintiff's clearly established rights. The Court having determined that an Eighth Amendment violation was pled in the Complaint and was supported by the medical records, and Defendants making no further arguments in favor of the application of qualified immunity, the Court finds that qualified immunity does not apply at this juncture.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN OTIS BURNSIDE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-191JOHNSTOWN |
| | ) | |
| | ) | Re: ECF No. 9, 22 |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**O R D E R**

AND NOW, this 9th day of August, 2019;

IT IS HEREBY ORDERED that the Clerk of Courts shall terminate Stephanie Hoover as a Defendant to this action as Plaintiff has voluntarily withdrawn his claims against her. *See* ECF No. 13.

IT IS HEREBY ORDERED that the motion to dismiss or for summary judgment filed by Defendants [ECF No. 9] be denied.

IT IS FURTHER ORDERED that Plaintiff's motion for relief of judgment [ECF No. 22] be dismissed as moot as Plaintiff has received the relief requested. *See* ECF No. 26.

/s/ Susan Paradise Baxter

SUSAN PARADISE BAXTER
United States District Judge

1